J-S15019-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ROBINSON | : | |
| | : | |
| Appellant | : | No. 1057 WDA 2018 |

Appeal from the PCRA Order Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0015691-2011

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ROBINSON | : | |
| | : | |
| Appellant | : | No. 1058 WDA 2018 |

Appeal from the PCRA Order Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0015692-2011

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY SHOGAN, J.:                          FILED JUNE 10, 2019

Appellant, James Robinson, appeals from the order dismissing his petitions seeking habeas corpus relief, or alternatively, a remedy pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1]  After

_____

[1]  On July 25, 2018, Appellant filed a timely notice of appeal at each PCRA court docket number.  On August 3, 2018, this Court consolidated the appeals sua sponte.

_____
*   Retired Senior Judge assigned to the Superior Court.

careful review, we conclude that the PCRA court properly treated Appellant's filings as untimely PCRA petitions and correctly dismissed the petitions. Accordingly, we affirm.[2]

The PCRA court set forth the relevant facts and procedural history of this case as follows:

> [Appellant] has appealed from this Court's Order of June 28, 2018, which dismissed his Amended Post Conviction Relief Act Petition without a hearing. However, a review of the record reveals that because the Petition is untimely, this Court lacks the jurisdiction to address it. The Petition was, therefore, properly dismissed.
>
> [Appellant] was charged at CC 201115691 with Involuntary Deviate Sexual Intercourse,[1] Sexual As[s]ault,[2] Endangering the Welfare of a Child[3] and Indecent Assault of a Person Under 13[4] and at CC 201115692 with Rape of a Child,[5] Rape,[6] Endangering the Welfare of a Child,[7] Indecent Assault of a Person Under 13[8] and Corruption of Minors.[9] He appeared before this Court on April 16, 2012 and entered pleas[] of nolo contendre [sic] to the Rape of a Child and Rape charges at CC 201115692 and the Endangering the Welfare of a Child and Indecent Assault of a Person Under 13 charges at CC 201115691, and guilty to the Endangering the Welfare of a Child, Indecent Assault of a Person Under 13 and Corruption of Minors charges at CC 201115692. The remaining charges at CC 201115691 were withdrawn. He was immediately sentenced to consecutive terms of imprisonment of nine (9) to 20 years at the Rape of a Child charge at CC 201115692 and six (6) months to four (4) years at the

_____

[2] Counsel for Appellant, Jacob C. McCrea, Esquire, has filed appeals involving six defendants, all of whom are convicted sex offenders, at the following Superior Court docket numbers: Commonwealth v. Robinson at 1057-1058 WDA 2018; Commonwealth v. Bres at 1060 WDA 2018; Commonwealth v. Brant at 1061 WDA 2018; Commonwealth v. Preik at 1062-1063 WDA 2018; Commonwealth v. Pruitt at 1064-1066 WDA 2018; and Commonwealth v. Jones at 1067 WDA 2018. The issues raised in all of these appeals are identical; however, each defendant's appeal is addressed in a separate memorandum.

Endangering the Welfare of a Child charge at CC 20115691, for an aggregate term of imprisonment of nine and one half (9 1/2) to 24 years. A lifetime term of registration was also imposed. No Post-Sentence Motions were filed and no direct appeal was taken.

[1] 18 Pa.C.S.A. §3123(a)(7)

[2] 18 Pa.C.S.A. §3124.1

[3] 18 Pa.C.S.A. §4304

[4] 18 Pa.C.S.A. §3126(a)(7)

[5] 18 Pa.C.S.A. §3121(c)

[6] 18 Pa.C.S.A. §3121(a)(1)

[7] 18 Pa.C.S.A. §4304

[8] 18 Pa.C.S.A. §3126(a)(7)

[9] 18 Pa.C.S.A. §6301(a)(1)

[Appellant] filed a pro se Post Conviction Relief Act Petition [on September 21, 2017,] alleging that, pursuant to Commonwealth v. Muniz, 169 A.3d 1189 (Pa. 2017), his lifetime registration was unconstitutional. Counsel was appointed to represent [Appellant] and an Amended Petition was filed. The Commonwealth, through the Office of the District Attorney filed a response to the Amended Petition. Thereafter, the Pennsylvania State Police, through the Office of the Attorney General, sought and was granted permission to intervene. After giving the appropriate notice of its intent to do so, this Court dismissed the Amended Petition on June 28, 2018 without a hearing. This appeal followed.

PCRA Court Opinion, 10/10/18, at 1-2. The PCRA court dismissed Appellant's PCRA petitions because they were untimely filed. Id. at 3. Appellant filed timely notices of appeal, and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for this Court's consideration:

> 1. Whether the trial court erred in ruling that it lacked jurisdic[ti]on to adjudicate the merits of the amended PCRA petition and/or petition for writ of habeas corpus?
>
> 2. Whether the trial court erred by not ruling that Act 10 of 2018 is unconstitutional under the federal and state ex post facto and double jeopardy clauses?

Appellant's Brief at 5 (full capitalization omitted).

At the outset, we must determine whether Appellant's petitions were correctly deemed PCRA petitions or whether they should have been considered petitions for habeas corpus relief. Appellant argues that his filings should have been treated as habeas corpus petitions because the relief sought falls outside of the strictures of the PCRA pursuant to the holding in Commonwealth v. Bundy, 96 A.3d 390 (Pa. Super. 2014). Appellant's Brief at 10. We disagree.

In Bundy, this Court held that the PCRA did not apply to challenges to sex offender registration requirements under Megan's Law because claims under Megan's Law did not implicate the conviction or sentence. Bundy, 96 A.3d at 394. However, due to substantial changes in the law of sex offender registration, Bundy does not apply to Appellant's petition.

After the enactment of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.42, which replaced Megan's Law, our Supreme Court determined that the SORNA registration provisions are punitive in nature and that retroactive application of SORNA's requirements

violates both the Pennsylvania and federal ex post facto clauses. Commonwealth v. Muniz, 164 A.3d 1189, 1193 (Pa. 2017). Furthermore, the punitive nature of SORNA impacts the legality of a sex offender's sentence. Commonwealth v. Butler, 173 A.3d 1212, 1215 (Pa. Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018).[3] Therefore, Appellant's claims challenging the application of SORNA's registration requirements, as opposed to the requirements under Megan's Law, are issues concerning the legality of a sentence and cognizable under the PCRA. Commonwealth v. Greco, 203 A.3d 1120, 1123 (Pa. Super. 2019) (citing Commonwealth v. Murphy, 180 A.3d 402, 405-406 (Pa. Super. 2018), appeal denied, 195 A.3d 559 (Pa. 2018)). Thus, because Appellant is challenging the application of SORNA, the decision in Bundy is immaterial, and the PCRA court properly considered Appellant's claims under the PCRA. See Commonwealth v. Montgomery,

_____

[3] Following the decisions in Muniz and Butler, our General Assembly passed Acts 10 and 29 of 2018 in an effort to address SORNA's constitutional defects. 42 Pa.C.S. § 9799.51(b)(4). Specifically, the General Assembly modified the registration requirements for offenders convicted of committing offenses on or after SORNA's effective date, December 20, 2012. The General Assembly also added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth registration requirements for offenders convicted of committing offenses on or after the effective date of Megan's Law I, April 22, 1996, but prior to SORNA's effective date of December 20, 2012. Subchapter I applies to offenders whose period of registration has not expired, and offenders required to register under a prior sexual offender registration law on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired. Recently, pursuant to 42 Pa.C.S. § 722(7), our Supreme Court granted a direct appeal from a decision in the Montgomery County Court of Common Pleas to determine whether Acts 10 and 29 are constitutional. Commonwealth v. Lacombe, 35 MAP 2018 (Pa. 2018).

181 A.3d 359, 367 (Pa. Super. 2018) (noting that the PCRA is the sole means of obtaining collateral relief, and it encompasses all other common law and statutory remedies including habeas corpus) (citing 42 Pa.C.S. § 9542)).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." Commonwealth v. Stultz, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc)). We are limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. Commonwealth v. Robinson, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. Commonwealth v. Lippert, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. Commonwealth v. Taylor, 67 A.3d 1245, 1248 (Pa. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).[5]

Our review of the record reflects that the trial court imposed Appellant's judgment of sentence on April 16, 2012, and Appellant did not file a direct

_____

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[5] We note that Section 9545(b)(2) was amended on October 24, 2018, effective sixty days later on December 24, 2018, and extended the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. See Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Here, the sixty-day time limit in section 9545(b)(2) applies to Appellant's petitions, as they were filed prior to December 24, 2017.

appeal with this Court. Thus, Appellant's judgment of sentence became final on May 16, 2012, thirty days after the trial court imposed the judgment of sentence and Appellant failed to file a direct appeal with this Court. See 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, in order for a first or subsequent PCRA petition to be timely, it had to be filed on or before May 16, 2013.

On December 3, 2014, Appellant filed a motion to dismiss for lack of jurisdiction. The PCRA court treated the filing as a first PCRA petition and appointed counsel. Order, 2/26/15. On April 1, 2015, counsel filed a Turner/Finley[6] no-merit letter and a motion to withdraw. On April 15, 2015, the PCRA granted counsel's motion to withdraw, and on June 25, 2015, it dismissed Appellant's PCRA petition.

Appellant filed the PCRA petitions, which underlie the instant appeal on August 29, 2017.[7] Accordingly, Appellant's PCRA petitions are patently untimely.

However, we reiterate, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S.

_____

[6] See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc) (setting forth the requirements for counsel to withdraw in a collateral proceeding).

[7] Appellant filed an amended petition on November 27, 2017.

- 8 -

§ 9545(b)(1). Here, Appellant has failed to plead and prove any exception to the PCRA time bar. Thus, the PCRA court properly denied his petitions.

Furthermore, assuming Appellant presented the holding in Muniz as an exception to the PCRA time bar under 42 Pa.C.S. § 9545(b)(1)(iii), we would still conclude that no relief is due. As this Court recently explained:

> [W]e acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy section 9545(b)(1)(iii). See Abdul–Salaam, supra. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.

Murphy, 180 A.3d at 405-406 (emphasis in original).

Because our Supreme Court has not held that Muniz applies retroactively to untimely PCRA petitions, Appellant cannot satisfy his burden to plead and prove applicability of one of the exceptions to the timeliness requirement. Accordingly, had this exception to the PCRA time bar been properly raised, we would conclude that the PCRA court properly dismissed Appellant's petitions as untimely.

In sum, the PCRA court correctly treated Appellant's filings as PCRA petitions, concluded that the petitions were untimely, and found that Appellant failed to establish the applicability of any exception to the PCRA timing requirements. PCRA Court Opinion, 10/10/18, at 4. As such, the PCRA court lacked jurisdiction to address any claims presented. See Commonwealth v.

Fairiror, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/2019